# UNITED STATES DISTRICT COURT
for the

Northern District of Indiana

| United States of America | ) | |
|---|---|---|
| | ) | |
| Sarai Carrillo | ) | 2:25-MJ-209 |
| | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of October 23, 2025 in the county of Lake in the Northern District of Indiana, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 111(a)(1) | Forcibly assaulting, resisting, opposing, impeding, or interfering with an officer or employee of the United States while engaged in or on account of the performance of official duties; physical contact involved |
| Title 18, United States Code, Section 2231(a) | Forcibly assaulting, resisting, opposing, impeding, or interfering with a person authorized to make searches and seizures while engaged in the performance of his duties with regard thereto or on account of the performance of such duties |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

*Erica Y. Ramirez*
Complainant's signature

Special Agent Erica Y. Ramirez, HSI
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P 4.1 by email transmission and telephonic confirmation.

Date: 10/24/2025

s/Andrew P. Rodovich
Judge's signature

City and state: Hammond, IN

Hon. Andrew Rodovich, US Magistrate Judge
Printed name and title

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Erica Y. Ramirez, a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), being duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I have been employed as a Special Agent with HSI since August 2022. As a Special Agent, my responsibilities include investigating possible criminal violations of federal laws. I am currently assigned to the Special Agent in Charge ("SAC") Chicago – Resident Agent in Charge O'Hare, which is responsible for conducting criminal investigations and enforcing laws that are under the investigative jurisdiction of HSI in the Northern District of Indiana. I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and I am empowered to investigate and make arrests for violations of federal criminal laws.

2. I am submitting this affidavit because I have probable cause to believe that on or about October 23, 2025, Sarai CARRILLO violated 18 U.S.C. § 111(a)(1) by forcibly assaulting, resisting, opposing, impeding, and interfering with a federal officer and employee while engaged in and on account of the performance of official duties, and that during the commission of the offense, CARRILLO made physical contact with the federal officer and employee. I also have probable cause to believe that on or about the same date, CARRILLO violated 18 U.S.C. § 2231(a) by forcibly assaulting, resisting, opposing, impeding, and interfering with a person authorized

1

to make searches and seizures while engaged in the performance of his duties with regard thereto and on account of the performance of such duties.

3. This affidavit is submitted for the limited purpose of establishing probable cause against CARRILLO for the above-described violations of federal law and therefore contains only a summary of the relevant facts. I have not included every fact known by me in connection with this investigation. The statements contained in this affidavit are based on information I obtained from interviews of witnesses, information received from other law enforcement agents, my experience and training, and the experience of other agents and officers working with me.

## RELEVANT STATUTES

4. 18 U.S.C. § 111(a)(1) makes it a criminal offense to forcibly assault, resist, oppose, impede, or interfere with any person designated in 18 U.S.C. § 1114 while engaged in or on account of the performance of official duties. Persons designated in § 1114 include any officer or employee of the United States or of any agency in any branch of the United States government while such officer or employee is engaged in or on account of the performance of official duties. Under § 111(a)(1), where the acts described above constitute "only simple assault," the offense is a misdemeanor, but where the acts described above "involve physical contact with the victim," the offense is a felony punishable by up to eight years of imprisonment.

5. 18 U.S.C. § 2231(a) makes it a criminal offense to forcibly assault, resist, oppose, impede, or interfere with a person authorized to make searches and

seizures while engaged in the performance of his duties with regard thereto or on account of the performance of such duties. This offense is a felony punishable by up to three years in prison.

## PROBABLE CAUSE

6. On or about October 23, 2025, HSI Special Agents from the Hammond, Indiana office, along with members of the United States Marshals Service ("USMS") Great Lakes Regional Task Force ("GLRTF"), served a criminal arrest warrant at 3** Hovey Street, Gary, Indiana. The arrest warrant was issued six days earlier and was for Rosario Carrillo Lopez, who is charged with violating 18 U.S.C. § 111(a)(1) & (b). *See United States v. Rosario Carrillo Lopez*, Case No. 2:25-mj-206 (Rodovich, J.). The HSI Special Agents and the members of the USMS GLRTF qualify under 18 U.S.C. § 1114 as officers or employees of the United States or of any agency in any branch of the United States government.

7. While serving the arrest warrant, which authorized the seizure of Rosario Carrillo Lopez, all law enforcement personnel were wearing their agency-issued body armor with clearly visible police markings. Law enforcement approached the front door of the residence, which was accessible via a raised wooden deck. When they reached the front door, they observed that the lights were illuminated on the south side of the residence.

8. Once they were in position, law enforcement knocked on the side of the house near the front door and loudly announced that it was the police with a criminal arrest warrant. Law enforcement made this announcement several times in English

and Spanish, and they ordered the occupants of the residence to open the front door. During this knock-and-announce, a member of the team positioned near the front door saw the front curtains of the residence move and observed an individual looking through the window at them. Law enforcement then observed the lights on the south side of the residence turn off. Based on these observations, law enforcement made the decision to breach the front door. As the front door was being breached, law enforcement continued announcing themselves as the police.

9. After the front door was breached, law enforcement was confronted by an adult male family member of Rosario Carrillo Lopez, who stood in the threshold of the doorway with his hands raised and empty. The adult male family member ignored initial commands by law enforcement to exit the house and was eventually removed from the threshold of the residence. The adult male family member was eventually placed in handcuffs and led away from the house.

10. After the threshold was cleared, law enforcement advanced into the residence to establish a foothold inside the front door. At that point, CARRILLO confronted law enforcement inside the residence. Law enforcement repeatedly told CARRILLO that they had a warrant and to move out of the way, but CARRILLO physically blocked them from advancing. During this interaction, CARRILLO put her hands on the chest of an HSI Special Agent and physically pushed and shoved the Special Agent, attempting to move him back and out of the house and to block further entry by law enforcement. Law enforcement eventually removed CARRILLO from the residence and onto the front porch, where she continued to physically resist

by pulling away from law enforcement. She was ultimately placed in handcuffs and led away from the residence. Law enforcement continued their efforts to apprehend Rosalio Carrillo Lopez, and they eventually took him into custody on the outstanding arrest warrant.

## CONCLUSION

11. Based on the above facts and my experience and training, I submit that there is probable cause to believe that on or about October 23, 2025, Sarai CARRILLO violated 18 U.S.C. § 111(a)(1) by forcibly assaulting, resisting, opposing, impeding, and interfering with a federal officer and employee while engaged in or on account of the performance of official duties, and that during the commission of the offense, CARRILLO made physical contact with the federal officer and employee. Further, I submit that there is probable cause to believe that on or about the same date, CARRILLO violated 18 U.S.C. § 2231(a) by forcibly assaulting, resisting, opposing, impeding, and interfering with a person authorized to make searches and seizures while engaged in the performance of his duties with regard thereto or on account of the performance of such duties. I therefore respectfully request that the attached warrant be issued authorizing said complaint.

FURTHER AFFIANT SAYETH NAUGHT.

Respectfully submitted,

*Erica Y. Ramirez*
_____
Erica Y. Ramirez
Special Agent
Homeland Security Investigations

Subscribed and sworn to me by telephone and transmission of this affidavit by reliable electronic means pursuant to Federal Rules of Criminal Procedure 41(d)(3) and 4.1, this 24th day of October 2025.

s/Andrew P. Rodovich
_____
HONORABLE ANDREW P. RODOVICH
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF INDIANA